## Wabash Railway Company v. H. H. Crews.

1. Attorney Fees—*In Cases Against Railroad Companies.*—In an action against a railroad company where the statutory ground of a failure to fence at a point where a fence was required is not sustained by the proof, the allowance of an attorney fee is without warrant.

2. Railroad Companies—*Negligence in Constructing Fences.*—It is

negligence on the part of a railroad company, in fencing its right of way to construct a *cul de sac*, or trap into which animals are liable to wander, and if an injury occurs by reason thereof, the company is liable.

**Action for Injuring Domestic Animals.**—Appeal from the Circuit Court of Scott County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed June 24, 1896.

JAS. A. WARREN, attorney for appellant.

J. M. RIGGS, attorney for appellee.

MR. JUSTICE PLEASANTS, DELIVERED THE OPINION OF THE COURT.

This case was commenced before a justice of the peace, by the appellee against the appellant, to recover damages caused by an injury to a colt belonging to the appellee by the train of appellant. The case was removed by appeal to the Circuit Court, where the appellee recovered a judgment for $65, which included $30 for attorney fee. By further appeal the record is brought to this court, where the appellee has remitted $30, leaving a judgment for the residue, $35, which is within the range of the evidence as to the value of the animal in question. It had to be killed because of its injury and was wholly lost to the appellee.

There were no written pleadings, and if, on the case made by the proof, the appellee could recover either upon statutory or common law grounds he may insist upon the affirmance of the judgment if no errors of law were committed by the trial court.

The brief of appellant urges merely that upon the evidence there was no right of recovery and that the court should have so instructed the jury, and that the motion for new trial should have been granted.

The statutory ground of a failure to fence at a point where a fence was required is not sustained by the proof, and so much of the verdict as included an allowance for the attorney fee of the plaintiff, which is dependent upon the statute, was, of course, without warrant.

Hence the court should have granted a new trial for this cause or should have required the remission of such amount. Not to do so was error, but the error is obviated by the remittitur which has been entered here.

It remains only to inquire whether the proof shows liability upon the grounds recognized at common law.

It appears that a *cul de sac*, several hundred feet in length, was formed by fences of the appellant on both sides of its road, open at the east end and closed at the west by a cattle guard.

The evidence tends to show that the animal passed from the open space about the station limits into this place, and was overtaken at a point at or near the cattle guard and received the injury complained of.

It is a fair inference that but for this condition of the fences the animal would have escaped.

It is negligence on the part of a railroad company to construct such a trap into which animals are liable to wander, and if an injury occurs by reason thereof the company should be held responsible.

The judgment will be affirmed for $35.

The costs of this appeal will be equally divided.    Affirmed.